**IN RE: TEXAS PARKS AND WILDLIFE DEPARTMENT, Relator.**

No. 08–15–00364–CV

Court of Appeals of Texas, El Paso.

February 10, 2016

M. Sue Kurita, El Paso, TX, for Respondent.

John P. Mobbs, Attorney at Law, El Paso, TX, Attorney for Real Party in Interest.

Summer Lee, Office of the Attorney General, Austin, TX, Attorney for Relator.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

ANN CRAWFORD McCLURE, Chief Justice

Texas Parks and Wildlife Department has filed a mandamus petition asking that we order the Honorable Sue Kurita, Judge of the County Court at Law No. 6 of El Paso County, Texas, to rule on its plea to the jurisdiction. We deny mandamus relief.

### FACTUAL SUMMARY

Erika Rubio filed an employment discrimination suit against TPWD. In its answer, TPWD raised affirmative defenses including sovereign immunity. TPWD filed a combined plea to the jurisdiction and motion for summary judgment under Tex.R.Civ.P. 166a(b). The plea to the jurisdiction is based on an assertion that Rubio failed to exhaust her administrative remedies "by failing to timely bring the lawsuit, and failing to bring all of her claims within 180 days of when they occurred...." TPWD specifically requested that the trial court dismiss the suit for lack of jurisdiction, and in the event the trial court denied its plea to the jurisdiction, TPWD alternatively requested that the trial court grant its motion for summary judgment. TPWD sought summary judgment on the ground that Rubio failed to obtain service on it within the 60–day limitations period required by Section 21.254 of the Texas Labor Code. See TEX.LAB. CODE ANN. § 21.254 (West 2015). After a hearing, the trial court entered its order

denying TPWD's motion for summary judgment, staying a ruling on TPWD's plea to the jurisdiction, and permitting targeted jurisdictional discovery.

TPWD filed notice of appeal and the appeal was docketed as cause number 08–15–00351–CV. *See Texas Parks and Wildlife Department v. Erika Rubio,* cause number 08–15–00351–CV. Rubio filed a motion to dismiss the direct appeal for lack of jurisdiction because the trial court has not entered an order either explicitly or implicitly ruling on the pleas to the jurisdiction. Texas Parks and Wildlife responded, in part, by filing a mandamus petition asserting that Respondent abused her discretion by refusing to immediately rule on its plea to the jurisdiction.

### FAILURE TO RULE ON PLEA TO THE JURISDICTION

In its mandamus petition, TPWD contends that Respondent abused her discretion by failing to immediately rule on its plea to the jurisdiction in order that TPWD can seek an accelerated interlocutory appeal. To be entitled to mandamus relief, a relator must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance Company of America,* 148 S.W.3d 124, 135 (Tex.2004). Second, the relator must demonstrate that there is no adequate remedy by appeal. *Id.* at 135–36. Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Shredder Co., L.L.C.,* 225 S.W.3d 676, 679 (Tex.App.–El Paso 2006, orig. proceeding); *In re Hearn,* 137 S.W.3d 681, 685 (Tex. App.–San Antonio 2004, orig. proceeding); *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Shredder,* 225 S.W.3d at 679; *Hearn,* 137 S.W.3d at 685; *Chavez,* 62 S.W.3d at 228.

Based on the record before us, we conclude that TPWD has failed to show that it is entitled to mandamus relief. The petition for writ of mandamus is denied.