

# NUMBERS 13-18-00368-CV & 13-18-00369-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE ROBERT MARTINEZ

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Contreras[1]

Relator Robert Martinez, proceeding pro se, filed two separate original proceedings on July 9, 2018.  By petition for writ of mandamus filed in 13-18-00368-CV, Martinez seeks to compel the trial court to rule on motions pertaining to judicial notice, access to legal records, and alleged constitutional violations.  Relator contends that these motions have been properly filed and pending for a reasonable time, but the trial court has refused to rule on them.  By petition for writ of mandamus filed in 13-18-00369-CV,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

relator seeks to compel the trial court to rule on his motion requesting a free copy of the reporter's record for a June 6, 2018 hearing. Relator again alleges that this motion has been properly filed and pending for a reasonable time, but the trial court has nevertheless failed to issue a ruling. Both original proceedings arise from trial court cause numbers B-17-1357-CV-B in the 156th District Court of Bee County, Texas. Given the interrelationship of the factual and legal matters raised in these original proceedings and in the interests of efficiency, we issue one opinion addressing both causes.

Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Frank Motor Co.*, 361 S.W.3d 628, 630–31 (Tex. 2012) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court has no discretion in applying the law to the facts or determining what the law is." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135. We assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re State*, 355 S.W.3d 611, 614–15 (Tex. 2011) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). In performing this balancing, we look at several factors, including whether mandamus review "will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re State*, 355 S.W.3d at 615 (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136).

The relator bears the "burden of providing this Court with a sufficient record to establish their right to mandamus relief." *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see In re Athans*, 458 S.W.3d 675, 676 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). In addition to other requirements, the relator must

2

include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

To establish entitlement to mandamus relief for a trial court's refusal to act, the relator must establish that the trial court had a legal duty to perform a ministerial act, relator made demand for performance, and the court refused to perform. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979). Consideration of a motion that is properly filed and before the trial court is a ministerial act, and mandamus may issue to compel the trial court to act. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex.1992) (orig. proceeding); *In re Huang*, 491 S.W.3d 383, 385–86 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding); *In re Tex. Parks & Wildlife Dep't*, 483 S.W.3d 795, 797 (Tex. App.—El Paso 2016, orig. proceeding); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.–Amarillo 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig.

proceeding). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d at 661; *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

The Court, having examined and fully considered the petitions for writ of mandamus, the records provided, and the applicable law, is of the opinion that relator has not shown himself entitled to the relief sought. Accordingly, we deny the petitions for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

DORI CONTRERAS
Justice

Delivered and filed the
17th day of July, 2018.

4