

## NUMBER 13-18-00542-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE MICHAEL SCOTT

### On Petition for Writ of Mandamus.

### MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Benavides**
**Memorandum Opinion by Justice Rodriguez[1]**

Relator Michael Scott, proceeding pro se, filed a petition for writ of mandamus in the above cause on September 28, 2018.[2] Through this original proceeding, relator seeks to compel the trial court to (1) rule on relator's motion for a settlement hearing in

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

[2] Relator also filed a motion requesting leave of Court to file the petition for writ of mandamus. The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt. Accordingly, we dismiss relator's motion as moot.

the underlying personal injury lawsuit, and (2) issue a bench warrant to enable relator's presence at the hearing.

Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Frank Motor Co.*, 361 S.W.3d 628, 630–31 (Tex. 2012) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). We assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re State*, 355 S.W.3d 611, 614–15 (Tex. 2011) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). The relator bears the burden of providing this Court with a sufficient record to establish the right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see In re Athans*, 458 S.W.3d 675, 676 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). The appendix and record for an original proceeding must contain the documents specified by the appellate rules. *See* Tex. R. App. P. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

To obtain mandamus relief for a trial court's refusal to act, the relator must establish that the trial court had a legal duty to perform a ministerial act, the relator demanded performance, and the trial court refused to perform. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979) (orig. proceeding). Consideration of a motion that is properly filed and before the trial court is a ministerial act, and mandamus may issue to compel the trial court to act. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding); *In re Huang*, 491 S.W.3d 383, 385–86 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008,

2

orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding); *In re Tex. Parks & Wildlife Dep't*, 483 S.W.3d 795, 797 (Tex. App.—El Paso 2016, orig. proceeding); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.–Amarillo 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has not shown himself entitled to the relief sought. In this case, the relator has failed to provide an appendix or record in support of his request for mandamus relief. *See Walker,* 827 S.W.2d at 837; *see generally* TEX. R. APP. P. 52.3. Accordingly, the petition for writ of mandamus is DENIED.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 1st
day of October, 2018.