

NUMBER 13-18-00628-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN RE FRED G. MARTINEZ**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Benavides**
**Memorandum Opinion by Justice Benavides[1]**

Relator Fred G. Martinez, proceeding pro se, filed a petition for writ of mandamus in the above cause on November 14, 2018. Through this original proceeding, relator seeks to compel the trial court to: (1) order the State of Texas, acting by and through the District Attorney of Nueces County, Texas, to surrender allegedly exculpatory evidence; (2) order DNA testing under Chapter 64 of the Texas Code of Criminal Procedure; and (3) set relator's pleadings on the docket for review and consideration.

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

*See Brady v. Maryland*, 373 U.S. 83, 87–88 (1963); *see also* TEX. CRIM. PROC. CODE ANN. art. 39.14 (West, Westlaw through 2017 1st C.S.); *id.* arts. 64.01-.05 (West, Westlaw through 2017 1st C.S.).[2]

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the

---

[2] This petition for writ of mandamus arises from trial court cause number 14-CR-2389-B in the 117th District Court of Nueces County, Texas. This Court has previously reviewed other appellate and original causes arising from this same trial court matter. *See In re Martinez*, No. 13-18-00481-CR, 2018 WL ___, at *_ (Tex. App.—Corpus Christi Sept. 6, 2018, orig. proceeding) (mem. op., not designated for publication); *In re Martinez*, No. 13-18-00455-CR, 2018 WL 3999742, at *1 (Tex. App.—Corpus Christi Aug. 21, 2018, orig. proceeding) (mem. op., not designated for publication); *In re Martinez*, No. 13-18-00449-CR, 2018 WL _____, at *_ (Tex. App.—Corpus Christi Aug. 20, 2018, orig. proceeding) (mem. op., not designated for publication); *In re Martinez*, No. 13-18-00430-CR, 2018 WL 3764219, at *1 (Tex. App.—Corpus Christi Aug. 8, 2018, orig. proceeding) (mem. op., not designated for publication); *In re Martinez*, No. 13-17-00310-CR, 2017 WL 2665266, at *1 (Tex. App.—Corpus Christi June 20, 2017, orig. proceeding) (mem. op., not designated for publication); *Martinez v. State*, No. 13-16-00249-CR, 2017 WL 2200299, at *1 (Tex. App.—Corpus Christi Mar. 16, 2017, pet. ref'd) (mem. op., not designated for publication); *Martinez v. State*, No. 13-15-00084-CR, 2015 WL 1137753, at *1 (Tex. App.—Corpus Christi Mar. 12, 2015, no pet.) (mem. op., not designated for publication) (per curiam).

contentions made, with appropriate citations to authorities and to the appendix or record*.*" *See generally* TEX. R. APP. P. 52.3. As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker,* 827 S.W.2d at 837; *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Consideration of a motion that is properly filed and before the trial court is a ministerial act, and mandamus may issue to compel the trial court to act. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding); *In re Huang*, 491 S.W.3d 383, 385–86 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding); *In re Tex. Parks & Wildlife Dep't*, 483 S.W.3d 795, 797 (Tex. App.—El Paso 2016, orig. proceeding). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d at 661; *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, and the applicable law, is of the opinion that the relator has not met his burden to obtain mandamus relief. Accordingly, we DENY the petition for writ of mandamus.

GINA M. BENAVIDES,
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of November, 2018.

4