

# NUMBERS 13-23-00191-CV, 13-23-00524-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GUADALUPE COUNTY
SHERIFF'S OFFICE AND
GUADALUPE COUNTY,                                        Appellants,

v.

PRISCILLA GARCIA,
INDIVIDUALLY AND AS NEXT
FRIEND OF M.G., AND TOM
GARCIA,                                                  Appellees.

On appeal from the 73rd District Court
of Bexar County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña
Memorandum Opinion by Justice Peña**

In this combined appeal and petition for writ of mandamus, appellants/relators Guadalupe County Sheriff's Office and Guadalupe County (collectively GCSO) challenge the trial court's denial of its plea to the jurisdiction, seeking to dismiss a suit brought by appellees/real parties in interest Priscilla Garcia, individually and as next friend of M.G., a minor child, and Tom Garcia (the Garcias). In three issues, which we construe as two, GCSO argues that: (1) the trial court erred in implicitly denying its plea to the jurisdiction by granting a motion to continue the plea to the jurisdiction hearing and permitting discovery; and (2) alternatively, GCSO is entitled to mandamus relief based on the trial court's refusal to rule on its plea to the jurisdiction. We conclude that the trial court did not implicitly deny GCSO's plea to the jurisdiction and did not refuse to rule. Accordingly, we dismiss the appeal for want of jurisdiction, and we deny mandamus relief.[1]

## I.    BACKGROUND[2]

GCSO deputies responded to a report of a stolen pickup truck in Seguin, Texas. The owner of the truck informed the deputies that there was a loaded pistol located in the vehicle. GCSO deputies soon located the truck and attempted a traffic stop, but the driver of the vehicle, later identified as David Sauceda, refused to pull over. The deputies continued to pursue Sauceda. Eventually, Sauceda ran a red light and struck a vehicle occupied by the Garcias, which in turn struck two additional vehicles. After a short foot chase, a GCSO deputy was able to apprehend Sauceda.

---

[1] GCSO filed its notice of appeal in cause number 13-23-00191-CV. In that cause, GCSO has filed a motion to consider its appeal as a petition for writ of mandamus. We grant the motion, and we assign the following appellate cause number to the original proceeding: 13-23-00524-CV. The original proceeding arises from trial court cause number 2022CI21852 in the 73rd District Court of Bexar County, Texas, and the respondent is the Honorable Walden Sheldon. *See* TEX. R. APP. P. 52.2. Furthermore, the Supreme Court of Texas has transferred this case from the Fourth Court of Appeals in San Antonio to this Court pursuant to a docket-equalization order. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] The following undisputed facts are derived from the jurisdictional record.

The Garcias sued GCSO for negligence and asserted that the Texas Tort Claims Act (TTCA) waived its governmental immunity because their injuries arose from the operation or use of a motor vehicle.[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1). GCSO filed a plea to the jurisdiction arguing that its governmental immunity was not waived because a GCSO county vehicle was not involved in the collision and because the emergency exception to the TTCA applied. *See id.* § 101.055. GCSO maintained that the Garcias could not show that its deputies acted with conscious indifference or reckless disregard as required to negate the application of the emergency exception. Finally, GCSO maintained that its sheriff's office was a non-jural entity and that Guadalupe County was the only proper party to the suit. GCSO attached various offense reports to its plea.

The Garcias filed a response to the plea to the jurisdiction and a motion for continuance of the hearing. The Garcias stated that they were entitled to depose the deputies involved in the vehicular pursuit because this discovery was relevant to whether the emergency exception to the TTCA was applicable.

After a hearing on the competing motions, the trial court granted the Garcias' motion to continue the plea to the jurisdiction hearing and permitted the Garcias to engage in the requested discovery. This combined appeal and original proceeding followed.

## II.      IMPLICIT DENIAL

In its first issue, GCSO argues that the trial court erred in implicitly denying its plea to the jurisdiction.

---

[3] Priscilla Garcia, individually and as next friend of M.G., initially filed suit as the sole plaintiff. Tom Garcia later filed a petition in intervention.

"Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006). Whether we have jurisdiction is a question of law, which we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Section 51.014 of the Texas Civil Practice and Remedies Code allows an appeal from an interlocutory order that grants or denies a plea to the jurisdiction by a government entity. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). The trial court in this case never explicitly ruled on GCSO's plea to the jurisdiction. However, the denial of a plea to the jurisdiction may be implied from the context. *Bass v. Waller Cnty. Sub-Reg'l Planning Comm'n*, 514 S.W.3d 908, 914 (Tex. App.—Austin 2017, no pet.). An implicit ruling is "one that, though unspoken, reasonably can be inferred from something else." *Trevino v. City of Pearland*, 531 S.W.3d 290, 299 (Tex. App.—Houston [14th Dist.] 2017, no pet.). A trial court's interlocutory ruling on the merits of a case operates as an implicit denial of a plea to the jurisdiction and is subject to appeal under § 51.014(a)(8). *Long*, 207 S.W.3d at 339–40 ("Because a trial court cannot reach the merits of a case without subject matter jurisdiction, a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge.").

Here, the trial court granted the Garcias' motion to continue the plea to the jurisdiction hearing for the purpose of permitting discovery relating to GCSO's various jurisdictional arguments. In so doing, the trial court did not rule on the merits of any issue; therefore, its order does not constitute an implicit denial of the plea to the jurisdiction. *See City of Galveston v. Gray*, 93 S.W.3d 587, 590 (Tex. App.—Houston 2002, pet. denied)

4

(holding that order granting motion for continuance and allowing discovery did not constitute implicit denial of plea to jurisdiction); *see also Tex. Dep't of Pub. Safety v. Salazar*, No. 03-11-00206-CV, 2011 WL 1469429, at *1 (Tex. App.—Austin Apr. 19, 2011, no pet.) (mem. op.) (same). Without a ruling by the trial court, implicit or otherwise, an interlocutory appeal is not authorized, and we lack appellate jurisdiction.[4] *See CMH Homes*, 340 S.W.3d at 447. We overrule GCSO's first issue.

### III.     FAILURE TO RULE

In its second issue, GCSO argues in the alternative that it is entitled to mandamus relief because the trial court refused to rule on GCSO's plea to jurisdiction.

### A.     Standard of Review & Applicable Law

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). To be entitled to relief, the relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig.

---

[4] In a post-submission letter brief, GCSO relies on *Rusk State Hospital v. Black*, 392 S.W.3d 88 (Tex. 2012), in arguing that this Court should address the merits of its immunity arguments despite the absence of a ruling from the trial court on its plea to the jurisdiction. *Rusk State Hospital* involved an interlocutory appeal from an order denying a motion to dismiss a health care liability claim. *Id.* at 92. The Hospital argued for the first time on appeal that it was protected by sovereign immunity. *Id.* The Texas Supreme Court held that jurisdictional arguments such as immunity could be raised for the first time on appeal, where the appellate court otherwise has jurisdiction to review an interlocutory order and where the plaintiff has had a full and fair opportunity in the trial court to develop the record and amend the pleadings related to a jurisdictional challenge. *Id.* at 96–97. Here, there is no interlocutory order authorizing appellate jurisdiction, and the Garcias have not had the opportunity to develop the record in response to GCSO's jurisdictional challenge. Therefore, we conclude that *Rusk State Hospital* is inapposite. *See Vill. of Tiki Island v. Ronquille*, 463 S.W.3d 562, 574 n.5 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("*Rusk State Hospital* supports the view that subject-matter jurisdiction can be raised for the first time in an otherwise properly perfected and timely appeal of an interlocutory order.").

proceeding*); In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

"A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act." *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (first citing *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); and then citing *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.—Amarillo 2001, orig. proceeding)). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *See In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam) (citing *In re Henry*, 525 S.W.3d at 382). Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case. *See In re Blakeney*, 254 S.W.3d at 662 (citing *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding)).

## B. Analysis

Contrary to GCSO's contention, there is no indication that the trial court in this case has refused or failed to rule on its plea to the jurisdiction within a reasonable time. Rather, the trial court has granted the Garcias' duly-filed motion to continue the plea to the jurisdiction hearing to allow for limited jurisdictional discovery. Generally, the erroneous grant of a stay or continuance is considered an incidental trial ruling for which there is an adequate remedy by appeal. *See In re Smart*, 103 S.W.3d 515, 521 (Tex. App.—San Antonio 2003, orig. proceeding). Ordinarily, in these circumstances, mandamus relief is

not available. *Id.*; *see also In re Tex. Dep't of Ins.*, No. 13-10-00471-CV, 2010 WL 3596844, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 14, 2010, orig. proceeding) (mem. op. per curiam). Further, "the scheduling of a hearing of a plea to the jurisdiction is left to the discretion of the trial court, which is in the best position to evaluate the appropriate time frame for hearing a plea in any particular case." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 229 (Tex. 2004). When a determination regarding the trial court's subject matter jurisdiction requires the examination of evidence, the trial court has discretion to decide whether the jurisdictional determination "should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable." *Id.* at 227. In this context, the trial court has broad discretion to schedule and define the scope of discovery. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding); *see Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012) ("[C]ourts should allow [a] reasonable opportunity for targeted discovery if necessary to illuminate jurisdictional facts in a plea to the jurisdiction."). Accordingly, appellate courts "have denied mandamus relief in situations in which the trial court deferred ruling on a plea to the jurisdiction for a reasonable period of time in order to permit targeted discovery related to the jurisdictional issue." *In re Congregation B'Nai Zion of El Paso*, 657 S.W.3d 578, 584 (Tex. App.—El Paso 2022, orig. proceeding) (citing *In re Tex. Parks & Wildlife Dep't*, 483 S.W.3d 795, 797 (Tex. App.—El Paso 2016, orig. proceeding)).

In the instant case, the trial court signed its order granting a continuance and permitting jurisdictional discovery within two months of the filing of the plea to the jurisdiction. GCSO filed the present mandamus action within a week of the trial court's

ruling. The record fails to establish that the trial court has not set the hearing on the plea to the jurisdiction "as soon as practicable," *Miranda*, 133 S.W.3d at 227, or has otherwise abused its discretion by acting unreasonably. *See Alford Chevrolet-Geo*, 997 S.W.2d 173. Therefore, GCSO is not entitled to mandamus relief compelling the trial court to rule on its plea to the jurisdiction. *See Diocese of Galveston-Hous. v. Stone*, 892 S.W.2d 169, 174 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding) ("Thus, we believe that the trial court did not abuse its discretion in taking steps to clarify the factual context of the Diocese's jurisdictional challenge and that the mandamus at this stage of the proceeding is premature."); *see also In re Tex. Dep't of Ins.*, 2010 WL 3596844, at *2 (denying mandamus relief for the trial court's order granting a continuance of a hearing on a plea to the jurisdiction where the record failed to establish that the court had not set the hearing "as soon as practicable"). We overrule GCSO's second issue.

## IV.   CONCLUSION

We dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). Further, having examined and fully considered the petition for writ of mandamus, this Court is of the opinion that GCSO has not shown itself entitled to the relief sought. Accordingly, the petition for writ of mandamus is denied. *See id.* R. 52.8(a).

L. ARON PEÑA JR.
Justice

Delivered and filed on the
21st day of December, 2023.

8