**IN RE DONG SHENG HUANG, Relator**

NO. 01–15–00962–CV

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued March 24, 2016

Dong Sheng Huang, pro se Relator.

Mark Denson, for real party in interest.

Panel consists of Justices Bland, Brown, and Lloyd.

## OPINION

Harvey Brown, Justice

Relator, Dong sheng Huang, seeks mandamus relief to compel the trial judge to (1) rule on Huang's motion to compel responses to post-judgment discovery requests and (2) grant Huang's previously denied motion to assign debt to Gary and Mark Denson.[1] We deny relief.

## Background

Huang's car was towed by Overhaulinpro.com from an apartment parking lot. Huang paid $187.89 to retrieve his car and then requested a hearing pursuant to Section 2308.452 of the Texas Occupation Code, which allows an owner of a towed vehicle a hearing to determine whether there was probable cause to tow the vehicle. See TEX. OCC. CODE ANN. § 2308.452 (West 2012). Huang sought this hearing in justice court, and the court found there was probable cause to tow.

Huang next filed a complaint against Overhaulinpro.com with the Texas Department of Licensing and Regulation, which found that Overhaulinpro.com had violated Sections 2308.301(a) and 2308.305(d) of the Texas Towing and Booting Act. See TEX. OCC. CODE ANN. §§ 2308.301(a), 2308.305(d) (West 2012). Mark Denson, on behalf of Overhaulinpro.com, admitted the violations and paid a $1500 fine.

Huang then sued Overhaulinpro.com for civil liability. See TEX. OCC. CODE ANN. § 2308.404 (West 2012) (providing for civil liability of towing company, booting company, or parking facility for damages and fees assessed in connection with towing or storage of vehicle). The trial court granted Huang a default judgment for damages in April 2013. Writ of execution issued but was returned nulla bona because the constable was advised that Overhaulinpro.com had ceased operations in 2010, no assets remained, and a new company, On Site Towing, LLC had been formed.

Huang filed a motion to assign the Overhaulinpro.com debt to the owners Mark Denson and Gary Denson, but the motion was denied. Huang filed a motion for clarification, asking for the basis for denial of his motion, and the trial court denied the motion for clarification.

Huang sent post-judgment discovery to Overhaulinpro.com but received no response. Huang filed a motion to compel responses to these discovery requests on December 3, 2013. A hearing on this motion was held on January 3, 2014. After

1. The underlying case is *Dong sheng Huang v. Overhaulinpro.com,* cause number 2012–53915, pending in the 125th District Court of Harris County, Texas, the Honorable Kyle Carter, presiding.

receiving no ruling, Huang filed a "Request for Prompt Action," on April 24, 2014. In this request, Huang notes that Overhaulinpro.com did not appear at the January 3, 2014 hearing and that the court had advised that it would do legal research about the corporate officers' personal liability under the tax code. Huang reminded the court that three months had passed since the hearing with no ruling. The record shows no request for a hearing on his "request."

More than a year after his "Request for Prompt Action" was filed, Huang filed a "Second Request for Ruling," on May 12, 2015. In this request, Huang noted that the motion to compel had been on file for more than a year and despite the Request for Prompt Action, the trial court had not ruled. The record contains no request for a hearing on his "request."

### Standard of Review

Mandamus is an extraordinary remedy, and to show entitlement a party must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004).

### Analysis

**Is mandamus relief appropriate for the trial court's failure to rule on Huang's motion to compel?**

Huang first contends that the trial court has failed to rule on his motion to compel despite two requests. Although Huang is seeking relief *pro se*, we hold him to the same procedural standards as to other litigants. *See Brown v. Tex. Emp't Comm'n*, 801 S.W.2d 5, 8 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Mandeville v. Mandeville*, No. 01–15–00119–CV, 2015 WL 7455436, at *5 (Tex.App.—Houston [1st Dist.] Nov. 24, 2015, no pet.).

■ When a party properly files a motion with a trial court, the act of considering and ruling on that motion is ministerial. *See In re Mendoza*, 467 S.W.3d 76, 78 (Tex.App.—Houston [1st Dist.] 2015, orig. proceeding). To establish entitlement to mandamus relief for a trial court's refusal to act, the relator must establish that the trial court had a legal duty to perform a ministerial act, relator made demand for performance, and the court refused to perform. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex.1979).

■ Huang has shown that he filed a motion and two reminder requests, but he has not shown he demanded performance. Although a trial court has a duty to rule within a reasonable time, the relator must establish that he took action to alert the trial court that it had not yet considered his motion. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding); *In re Hughes*, No. 07–04–00006–CV, 2004 WL 89289, at *1 (Tex.App.—Amarillo Jan. 20, 2004, orig. proceeding). Huang's record does not establish that he requested a hearing or that such request was denied. *See Hughes*, 2004 WL 89289, at *1 (holding record did not demonstrate relator brought motion to trial court's attention by requesting hearing); *In re Harris*, No. 14–07–231–CV, 2007 WL 1412105, at *1 (Tex.App.—Houston [14th Dist.] May 15, 2007, orig. proceeding) (holding relator not entitled to mandamus relief when record did not show relator alerted trial court of motion by setting for submission or hearing).

■ Filing a request for a ruling is insufficient to call the matter to the judge's attention because a judge may be unaware of the request. Instead, the party demanding a ruling must set its request either for submission or a hearing. *See Barnes*, 832 S.W.2d at 426 (holding no entitlement to mandamus relief when relator did not provide record demonstrating

he asked for hearing after he filed motions and trial court refused to hold hearing and rule); *see also Hughes,* 2004 WL 89289, at *1; *Harris,* 2007 WL 1412105, at *1. Thus, Huang is not entitled to mandamus relief regarding the lack of ruling on his motion to compel.

### Did the trial court abuse its discretion in denying Huang's motion to assign debt to the owners of Overhaulinpro.com

In his second issue, Huang contends that the trial court abused its discretion in denying his motion to assign debt of the Overhaulinpro.com corporation to its owners, Gary and Mark Denson. The corporate privileges of Overhaulinpro.com were forfeited in February 2009 because the corporation failed to file a franchise tax report. According to the Texas Secretary of State, the managing officers of Overhaulinpro.com are Gary and Mark Denson.

Huang maintains that these two officers are personally liable for the debts incurred by Overhaulinpro.com after its corporate privileges were forfeited, and therefore, the trial court should have granted Huang's motion to assign the judgment debt to the Densons. But, Huang does not cite, and we have not located, any authority in the Tax Code or case law that authorizes a trial court to directly assign the debts of a corporation to individual officers who were not named defendants in the suit. Accordingly, we find no abuse of discretion by the trial judge in denying Huang's motion to assign debt to the Densons.

### Conclusion

The petition for writ of mandamus is denied.