**Denied and Opinion Filed April 11, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00409-CV

### IN RE WYNNE MOTORCOACHES, LLC, Relator

**Original Proceeding from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-01872-B**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Nowell
Opinion by Justice Nowell

On March 27, 2019 and April 2, 2019, relator filed two separate motions for summary judgment in the underlying proceeding. Relator obtained a May 6, 2019 hearing date for the March 27 motion. Relator's counsel purportedly requested that the court set the April 2 motion for hearing on May 6, 2019 as well. The petition states, without supporting documentation or certification, that the trial court clerk informed relator's counsel that he could not set the April 2 motion for hearing as requested because the trial court could only hear one motion on May 6 and the trial court would not provide any other dates for setting the April 2 motion for hearing. The petition states, again without supporting documentation or certification, that a different clerk informed relator's counsel on April 3, 2019 that the trial court had removed the May 6 hearing date from its docket, and the judge would not reset the hearing. In this original proceeding, relator seeks a writ of mandamus directing the trial court to set relator's motions for summary judgment for hearing. We deny the petition.

When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act. *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time, (2) the relator requested a ruling on the motion, and (3) the trial court refused to rule. *In re Buholtz*, No. 05-16-01312-CV, 2017 WL 462361, at *1 (Tex. App.—Dallas Jan. 31, 2017, orig. proceeding) (mem. op.); *In re Dong Sheng Huang*, 491 S.W.3d 383, 385 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

A trial court is required to consider and rule upon a motion within a reasonable time. *Safety–Kleen Corp.*, 945 S.W.2d at 269; *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). No litigant is entitled to a hearing at whatever time he may choose, however. *In re Chavez*, 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding). Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case and no bright line separates a reasonable time period from an unreasonable one. *In re Shapira*, No. 05-16-00184-CV, 2016 WL 1756754, at *1 (Tex. App.—Dallas Apr. 29, 2016, orig. proceeding) (citing *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding)). Among the criteria included are the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.*; *In re First Mercury Ins. Co.*, No. 13-13-00469-CV, 2013 WL 6056665, at *3 (Tex. App.—Corpus Christi Nov. 13, 2013, orig. proceeding).

Here, the trial judge has not issued a written order refusing to set the motions for hearing or refusing to rule on the motions. Moreover, the record includes no evidence that relator has filed a request for ruling or a request for hearing date. The trial court has, thus, not been given an opportunity to reset the hearing date or refuse to do so. Based on the record before us, we conclude relator has not shown it is entitled to the relief requested. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

190409F.P05