**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 14, 2020.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-20-00261-CV

---

### IN RE BRIAN RAY LAWSON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**280th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-04357**

---

## MEMORANDUM OPINION

On April 6, 2020, relator Brian Ray Lawson ("Brian") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, Brian asks this court to compel the Honorable Barbara Stalder, presiding judge of the 280th District Court of Harris County, to vacate her temporary ex-parte protective order and/or to proceed to an in-person trial of the protective order within 30 days.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 2020, the real party-in-interest, Stephanie Lawson ("Stephanie"), filed a second application for protective order, alleging, among other things:

> Respondent committed acts that were intended by Respondent to result in physical harm, bodily injury, assault, or sexual assault or were threats that reasonably placed Applicant, STEPHANIE ANN LAWSON, and her child, . . . in fear of imminent physical harm, bodily injury, assault, or sexual assault. Respondent's acts therefore constitute family violence.

This allegation is supported by two affidavits of Stephanie.

On January 28, 2020, at the conclusion of an ex parte hearing, Judge Stalder signed a protective order finding: "there is an immediate need for the following protective orders to prevent family violence and to protect applicant and other members of the household . . .". Brian complains that the protective order excludes him from the marital residence, denies him all access to his daughter, and orders him to pay allegedly excessive child support and expenses related to the marital residence.

The protective order was set hearing on February 10, 2020, and the parties appeared at the hearing. Judge Stalder stated that she would have to reset the hearing for April 3, 2020 because she did not have time on her docket to hear the case. On February 12, 2020, Judge Stalder reset the hearing for April 20, 2020.

On April 2, 2020, Judge Stalder's court coordinator sent an e-mail to the parties stating, we still have you set for April 20, 2020, but please let me know if you wish to reset this matter to a future date or we can go forward via Zoom. Brian's counsel replied to this e-mail, stating, "No, we want to keep that date." Brian's counsel then sent another e-mail to the court coordinator, asking if his two options

2

are either to (1) go forward with the hearing on April 20, or (2) pick a new date for trial? The e-mail explained:

> The reasons why I ask are as follows:
>
> 1. We have subpoenaed multiple witnesses to appear in court on April 20, 2020, and I do not see how I am logically and/or legally going to be able to compel their appearance via Zoom. Additionally, the filing of affidavits will not suffice because we will not then be given the opportunity to confront the declarant of the statements offered.
>
> 2. We have volumes of exhibits which we will need to present to the court, the opposing counsel and, more importantly, witnesses for the purpose of foundations, direct and cross examination. Filing the exhibits will not be sufficient because they will not become part of the record until the proper foundations have been laid, objections ruled on and they are admitted. . . .
>
> We still want to keep the trial for April 20, 2020, but we are requesting that the trial be live in the 280th Judicial District Court.
>
> After reading the above, please let me know what our options are as directed by the court.

In his petition, Brian states that he has not yet received any response from the court to this e-mail request that the April 20 hearing be live.

3

## ANALYSIS

In his petition, Brian argues, among other things, that a trial via Zoom is inadequate because there is allegedly no provision to subpoena witnesses and compel their appearance via Zoom and Brian would not be able to confront his accuser at a live hearing. Brian also argues that it would be an abuse of discretion for Judge Stalder to indefinitely delay a live hearing because section 83.002 of the Texas Family Code provides: "A temporary ex parte order is valid for the period specified in the order, not to exceed 20 days" and "On the request of an applicant or on the court's own motion, may be extended for additional 20-day periods." Tex. Fam. Code Ann. § 83.002.

Our court may not consider the arguments stated in Brian's petition because the record does not show that the arguments have properly been presented to the trial court. Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent trial judge, and the respondent's erroneous refusal to act. *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017)(orig. proceeding). Arguments not presented to the trial court will not be considered in the review of a petition for writ of mandamus. *See In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding). "[A]rguments not presented to the trial court will not be considered in a petition for writ of mandamus." *In re Second St. Properties LLC*, No. 14-16-00390-CV, 2016 WL 7436649, at *5 (Tex. App.—Houston [14th Dist.] Dec. 22, 2016, orig. proceeding) (per curiam) (mem. op.) (quoting *In re RH White Oak, LLC*, No. 14-15-00789-CV, 2016 WL 3213411, at *9 (Tex. App.—Houston [14th Dist.] June 9, 2016, orig. proceeding) (mem. op.); *see also In re Jindal Saw Ltd.*, 264 S.W.3d 755, 767 (Tex. App.—

4

Houston [1st Dist.] 2008, orig. proceeding) (concluding that arguments asserted in mandamus petition could not be considered because they were not first presented to trial court).[1]

Additionally, merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court. *In re Amaro*, No. 14-14-00340-CV, 2014 WL 2157088, at *1–2 (Tex. App.—Houston [14th Dist.] May 20, 2014, orig. proceeding) (per curiam) (mem. op.). *See also In re Villarreal*, 96 S.W.3d 708, 710 n.2 (Tex. App.—Amarillo 2003, orig. proceeding) (stating that the relator must provide a record which shows that the respondent-judge knew of the motion and was asked to rule on it because a judge cannot be faulted for doing nothing when the judge was not aware of the need to act; the clerk's knowledge is not imputed to the judge). "Filing a request for a ruling is insufficient to call the matter to the judge's attention because a judge may be unaware of the request. Instead, the party demanding a ruling must set its request either for submission or a hearing." *In re Dong Sheng Huang*, 491 S.W.3d 383, 385–86 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding).

Accordingly, Brian's e-mails to the court coordinator are insufficient to show that Judge Stalder is aware of his request for a live hearing. The record does not show that Brian has filed a motion presenting the arguments stated in his petition to

---

[1] This rule—that arguments must first be presented to the trial court—applies even to arguments that an order or judgment is void because the trial court lacked subject matter jurisdiction. *See In re Coppola*, 535 S.W.3d at 510.

5

the trial court and set any such motion for submission or for hearing, which could be accomplished via Zoom. *See Dong Sheng Huang*, 491 S.W.3d at, 385–86.

## CONCLUSION

For the above reasons, we deny the petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Poissant.