**Opinion issued September 10, 2010**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-20-00575-CV**

———————————

**IN RE AUTRY LEE JONES, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

### MEMORANDUM OPINION

Relator, Autry Lee Jones, has filed a petition for writ of mandamus asking this Court to direct respondent, the Honorable Michael Newman, "to issue a ruling on the motions that were placed before it as to the money that the [e]state owed to [r]elator and the land which should have been placed in [r]elator[']s name

according to the evidence that was placed before it."[1,2] We deny the petition. *See* TEX. R. APP. P. 9.4, 52.3(k).

Relator's petition does not comply with the requirements enumerated in Texas Rule of Appellate Procedure 52.3. *See* TEX. R. APP. P. 52.3(a)-(d), (f), (g), (j), (k). Among other things, the petition lacks an adequate appendix. *See* TEX. R. APP. P. 52.3(k)(1) (requiring original proceedings to be filed with appendix that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"). In the absence of an adequate appendix or record, this Court cannot evaluate the merits of relator's petition. *See In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783, at *1 (Tex. App.— Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication) ("Without an appendix and a record, we are unable to determine that [r]elator is entitled to mandamus relief").

Relator's petition also is deficient because there is no showing that respondent refused to rule on relator's motions. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (to obtain mandamus relief, relator must

---

[1] The underlying case is Autry Lee Jones v. Estate of Mary J. Dawson, a/k/a Mary L. Jones, a/k/a Mary L. Conerly, cause number 360534, pending in the Probate Court No 2 of Harris County, Texas, the Honorable Michael Newman presiding.

[2] Relator does not identify the specific motions in his petition. In his conclusion, relator asks this Court to order respondent "to issue a ruling on [r]elator[']s claim for $1,400 and a [m]uniment of [t]itle . . . ."

show respondent had legal duty to perform non-discretionary act, that relator made demand for performance, and that respondent refused); *In re Dong Sheng Huang*, 491 S.W.3d 383, 385 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) ("Filing a request for a ruling is insufficient to call the matter to the judge's attention because a judge may be unaware of the request. Instead, the party demanding a ruling must set its request either for submission or a hearing.").

Accordingly, we deny relator's petition for writ of mandamus.

**PER CURIAM**

Panel consists of Justices Keyes, Lloyd, and Landau.