**Opinion issued January 14, 2021**



In The

# Court of Appeals

**For The**

# First District of Texas

—————————————

**NO. 01-20-00785-CR**

———————————

**IN RE DEVIN PAUL COLE, Relator**

**Original Proceeding on Petition for Writ of Mandamus**

## MEMORANDUM OPINION

Relator, Devin Paul Cole, incarcerated and acting pro se, has filed a petition for writ of mandamus, requesting that this Court order his indictment to be "[d]ismissed with [p]rejudice for [v]iolating the [p]robable [c]ause [p]rovisions of the 4th Amendment and [Texas Constitution] Article 1 § 9 and *Lomas v. Harris County.*"[1] Relator also requests "a [m]istrial and [f]inding of [p]rosecutorial and

---

[1] Relator states that he refers to the *Lomas v. Harris County* consent decree of 2017. He does not attach the consent decree or include a citation for it.

[j]udicial [m]isconduct"; a release from confinement; and an order "showing [n]o [p]robable [c]ause and a [c]lear [v]iolation of the 4th Amendment and Article 1 § 9." He seeks mandamus relief against respondent, the Honorable Abigail Anastasio, Harris County District Attorney Kim Ogg, and three assistant Harris County district attorneys, asserting that they violated their ministerial duties "to not violate federal law, state law, the Texas Constitution and the Constitution of the United States of America, specifically the Fourth Amendment . . . and the Fourteenth Amendment" and to honor the *Lomas v. Harris County* consent decree.

We deny the petition for writ of mandamus.[2]

First, relator's petition does not comply with the requirements enumerated in the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.4; 52.3(a)–(d), (g), (h), (k).

Second, there is no showing that the trial court refused to rule on any motion from which relator seeks relief here.[3] *See O'Connor v. First Court of Appeals*, 837

---

[2] The underlying case is *The State of Texas v. Devin Paul Cole*, Cause No. 1666250, pending in the 184th District Court of Harris County, Texas, the Honorable Abigail Anastasio presiding.

[3] Relator states that he and his previous attorney filed "numerous written motions" seeking disclosure of materials to which relator is entitled under *Brady v. Maryland*, 373 U.S. 83 (1963). *See In re State of Texas*, 605 S.W.3d 721, 725 (Tex. App.—Houston [1st Dist.] 2020, orig. proceeding) ("The United States Supreme Court in *Brady* held that the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." (internal quotations omitted)). Relator does not assert that the

S.W.2d 94, 97 (Tex. 1992) (to obtain mandamus relief, relator must show respondent had legal duty to perform non-discretionary act, relator made demand for performance, and respondent refused). Relator states that at a November 3, 2020 hearing, he filed a "Motion to Dismiss Indictment Under *Lomas v. Harris County* and the Fourth Amendment – No Probable Cause Affidavit[s] Sworn to Under Oath or Affirmation," the motion was file-stamped, and he "verbally [m]otioned the [trial] [c]ourt" to dismiss the indictment. The motion is not included in the mandamus record.[4]

Third, the appendix attached to relator's petition for writ of mandamus does not satisfy the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(k)(1) (requiring original proceedings to be filed with appendix that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"); TEX. R. APP. P. 52.7(a) (requiring relator to file with his

---

trial court failed to rule on any of the "numerous written motions" but complains, rather, that the Harris County district attorney's office did not produce all the materials to which he is entitled.

[4] Even assuming that relator's November 3, 2020 motion was properly filed and the trial court has yet to rule on it, mandamus relief is still not necessarily warranted. *See In re Dong Sheng Huang*, 491 S.W.3d 383, 385 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) ("[T]he party demanding a ruling must set its request either for submission or a hearing."); *see also In re The Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, no pet.) ("A trial court commits a clear abuse of discretion when it refuses to rule on a pending motion within a reasonable amount of time. What is considered a reasonable amount of time is dependent upon the circumstances of each case." (internal citations omitted)).

3

petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). The documents attached to relator's petition are unsworn and do not include relator's November 3, 2020 motion or reflect a request by relator for a ruling on his November 3, 2020 motion or any other motion.[5] In the absence of an adequate appendix and record, this Court cannot evaluate the merits of relator's petition. *See In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783, at *1 (Tex. App.—Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication) ("Without an appendix and a record, we are unable to determine that [r]elator is entitled to mandamus relief.").

Finally, this Court lacks authority to issue a writ of mandamus against a district attorney or assistant district attorneys. *Garner v. Gately*, 909 S.W.2d 61,

---

[5] Relator's appendix is comprised of four Houston Chronicle newspaper articles; a motion and order for admission pro hac vice for a Washington D.C. attorney in Cause No. 4:19-cv-00226 in the Southern District of Texas; an order signed in Civil Action No. H-19-226 in the Southern District of Texas; an unidentified February 27, 2020 Houston Police Department administrative document (identified by relator as an offense report) that purportedly pertains to relator's arrest and contains unidentified handwritten notes; relator's indictment; real party in interest's notice of intent to use expert testimony; real party in interest's motion to disclose experts; an order in Civil Action No. 4:20-cv-2490 in the Southern District of Texas granting relator's motion to proceed in forma pauperis; a July 27, 2020 letter to relator from attorney Thomas J. Lewis advising him that the trial court ordered a psychiatric evaluation in the underling litigation; a March 10, 2020 letter to relator from attorney Thomas J. Lewis in response to correspondence from relator; an order signed by the prosecutor and defense counsel appointing Thomas J. Lewis as relator's counsel; and an April 3, 2020 letter from Thomas J. Lewis to relator regarding discovery.

62 (Tex. App.—Waco 1995, orig. proceeding); *see also In re Mays*, No. 11-14-00310-CR, 2014 WL 6603371, at *1 (Tex. App.—Eastland Nov. 20, 2014, orig. proceeding) (mem. op., not designated for publication). This Court has jurisdiction to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b)(1).

Accordingly, we deny relator's petition for writ of mandamus. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Hightower, Countiss, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).