**Opinion issued October 19, 2021**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-21-00530-CR**

———————————

**IN RE KENNETH RAY BALLARD, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

### MEMORANDUM OPINION

Relator Kenneth Ray Ballard filed a petition for writ of mandamus complaining he requested an "Examining Trial" but "received a[n] Indictment without one."[1]

---

[1] The underlying case is *State of Texas v. Kenneth Ray Ballard*, Cause Number 21-CR-1944, pending in the 405th District Court of Galveston County, Texas, the Honorable Jared Robinson presiding.

Relator's petition does not comply with the requirements enumerated in Texas Rule of Appellate Procedure 52.3. *See* TEX. R. APP. P. 52.3(a)-(h), (j), (k). Among other things, the petition lacks an appendix and a record. *See* TEX. R. APP. P. 52.3(k)(1) (requiring original proceedings to be filed with appendix that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"); 52.7 (requiring original proceedings to be filed with record containing "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "properly authenticated transcript of any relevant testimony from any underling proceeding"). In the absence of an appendix and record, this Court cannot evaluate the merits of Relator's petition. *See In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783, at *1 (Tex. App.—Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication) ("Without an appendix and a record, we are unable to determine that Relator is entitled to mandamus relief"); *In re Cole*, No. 01-20-00807-CR, 2021 WL 243894, at *1 (Tex. App.—Houston [1st Dist.] Jan. 26, 2021, orig. proceeding) (mem. op., not designated for publication) (same).

Relator's petition also is deficient because there is no showing the respondent trial court judge refused to rule on any motion filed by Relator. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (to obtain

2

mandamus relief, relator must show respondent had legal duty to perform non-discretionary act, that relator made demand for performance, and that respondent refused); *In re Dong Sheng Huang*, 491 S.W.3d 383, 385 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) ("Filing a request for a ruling is insufficient to call the matter to the judge's attention because a judge may be unaware of the request. Instead, the party demanding a ruling must set its request either for submission or a hearing.").

Accordingly, we deny Relator's petition for writ of mandamus. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Rivas-Molloy and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).