**Opinion issued November 16, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00554-CR

## NO. 01-21-00555-CR

———————————

## IN RE TONY D. NGUYEN, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Tony D. Nguyen, incarcerated and acting pro se, has filed a petition for writ of mandamus, "request[ing] the right of a[n] [e]xamining trial," a "[d]iscovery [r]equest," and a "[m]otion for [b]ond [r]eduction." Relator asserts "no action has been taken on the above motions [and] the trial court ignored the . . . request[s]."

We deny the petition for writ of mandamus.[1]

First, we note that relator's petition does not comply with the requirements enumerated in the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.4, 52.3(a)–(h), (j)–(k); *see also* TEX. R. APP. P 52.7. Among other things, the petition lacks an appendix and a record. *See* TEX. R. APP. P. 52.3(k)(1) (requiring petition for writ of mandamus be filed with appendix that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"), 52.7(a) (requiring petition for writ of mandamus be filed with record containing "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "properly authenticated transcript of any relevant testimony from any underlying proceeding"). In the absence of an appendix and record, this Court cannot evaluate the merits of relator's petition. *See In re Cole*, No. 01-20-00807-CR, 2021 WL 243894, at *1 (Tex. App.—Houston [1st Dist.] Jan. 26, 2021, orig. proceeding) (mem. op., not designated for publication); *In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783, at *1 (Tex. App.—Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication) ("Without an appendix and a record, we are unable to determine that [r]elator is entitled to mandamus relief").

---

[1] The underlying cases are *State of Texas v. Tony D. Nguyen*, Cause Nos. 21-CR-1616 and 21-CR-1617, pending in the 56th District Court of Galveston County, Texas, the Honorable Lonnie Cox presiding. Relator filed a single petition for writ of mandamus related to both underlying cases.

Second, there is no showing that the trial court refused to rule on any motion or request for the relief that relator seeks in this Court. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (to obtain mandamus relief, relator must show trial court had legal duty to perform non-discretionary act, relator made demand for performance, and trial court refused); *In re Dong Sheng Huang*, 491 S.W.3d 383, 385 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) ("Filing a request for a ruling is insufficient to call the matter to the judge's attention because a judge may be unaware of the request. Instead, the party demanding a ruling must set its request either for submission or a hearing.").

Finally, we note that relator states in his mandamus petition that to continue to confine him "would be [a] violation of his rights to due process and his right to liberty," and he requests that this Court "cause the trial court to honor, respond, and show ca[u]se why [he] continues to be detained, in direct violation of [a] Texas Statu[t]e." To the extent that relator seeks habeas relief in his mandamus petition, we lack jurisdiction over the request. We do not have original habeas corpus jurisdiction in criminal matters. *See* TEX. GOV'T CODE ANN. § 22.221(d); *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356, 356-57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding).

3

We deny relator's petition for writ of mandamus. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Hightower, Countiss, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).