Opinion issued March 10, 2022



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-22-00063-CR

### NO. 01-22-00064-CR

————————————

## IN RE FREDDIE ROBIN EDWARDS, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator Freddie Robin Edwards, incarcerated and acting pro se, filed a petition for writ of mandamus asking this Court to order Respondent, the

Honorable Natalia Cornelio, to "resolve the Petitioner's Motion for Jurisdiction and Franks' [sic] Hearing." [1,2] Relator's petition is deficient.

The petition does not comply with the requirements enumerated in the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.5, 52.3(a)–(f), (j)–(k); *see also* TEX. R. APP. P 52.7. Among other things, the petition lacks an adequate appendix and a record. *See* TEX. R. APP. P. 52.3(k)(1) (requiring petition for writ of mandamus be filed with appendix that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"), 52.7(a) (requiring petition for writ of mandamus be filed with record containing "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "properly authenticated transcript of any relevant testimony from any underlying proceeding"). In the absence of an adequate appendix and record, this Court cannot evaluate the merits of Relator's petition. *See In re Cole*, No. 01-20-00807-CR, 2021 WL 243894, at *1 (Tex. App.—Houston [1st Dist.] Jan.

---

[1]     The underlying cases are *State of Texas v. Freddie Robin Edwards*, Cause Nos. 1702029 and 1709771, pending in the 351st District Court of Harris County, Texas, the Honorable Natalia Cornelio presiding.

[2]     A *Franks* hearing is required "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause . . . ." *Cates v. State*, 120 S.W.3d 352, 355 (Tex. Crim. App. 2003) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)).

26, 2021, orig. proceeding) (mem. op., not designated for publication); *In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783, at \*1 (Tex. App.—Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication) ("Without an appendix and a record, we are unable to determine that Relator is entitled to mandamus relief.").

There is also no showing the trial court refused to rule on any motion or request for the relief Relator seeks in this Court. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (to obtain mandamus relief, relator must show trial court had legal duty to perform non-discretionary act, relator made demand for performance, and trial court refused); *In re Dong Sheng Huang*, 491 S.W.3d 383, 385 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) ("Filing a request for a ruling is insufficient . . . . Instead, the party demanding a ruling must set its request either for submission or a hearing.").

We deny Relator's petition for writ of mandamus. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Landau, Hightower, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).