**Opinion issued March 17, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00077-CR

———————————

## IN RE RICKY ALLEN GASPER, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Ricky Allen Gasper, incarcerated and acting pro se, has filed a petition for writ of mandamus, asserting that he is entitled "to an examining trial prior to the issuance of an indictment." Relator requests that this Court "cause the trial court to honor, respond, and show cause why [he] continue[s] to be detained in direct violation of Texas and federal statu[tes]."

We deny the petition for writ of mandamus.[1]

First, relator's petition does not comply with the requirements enumerated in the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.5, 52.3(a)–(h), (j)–(k); *see also* TEX. R. APP. P 52.7. Among other things, the petition lacks an appendix and a record. *See* TEX. R. APP. P. 52.3(k)(1) (requiring petition for writ of mandamus be filed with appendix that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"), 52.7(a) (requiring petition for writ of mandamus be filed with record containing "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "properly authenticated transcript of any relevant testimony from any underlying proceeding"). In the absence of an appendix and record, this Court cannot evaluate the merits of relator's petition. *See In re Jammer*, No. 01-21-00598-CR, 2021 WL 5774175, at *1 (Tex. App.—Houston [1st Dist.] Dec. 7, 2021, no pet.) (mem. op., not designated for publication); *In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783, at *1 (Tex. App.—Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication) ("Without an appendix and a record, we are unable to determine that [r]elator is entitled to mandamus relief").

---

[1] The underlying case is *The State of Texas v. Ricky Allen Gasper*, Cause No. 1703219, pending in the 185th District Court of Harris County, Texas, the Honorable Abigail Anastasio presiding.

Second, there is no showing that the trial court refused to rule on any motion or request for the relief that relator seeks in this Court. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (to obtain mandamus relief, relator must show trial court had legal duty to perform non-discretionary act, relator made demand for performance, and trial court refused); *In re Dong Sheng Huang*, 491 S.W.3d 383, 385 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) ("Filing a request for a ruling is insufficient to call the matter to the judge's attention because a judge may be unaware of the request. Instead, the party demanding a ruling must set its request either for submission or a hearing."); *see also In re Jammer*, 2021 WL 5774175, at *1.

Third, relator requests that this Court "cause the trial court to honor, respond, and show cause why [he] continue[s] to be detained in direct violation of Texas and federal statu[tes]." To the extent that relator seeks habeas relief in his mandamus petition, we lack jurisdiction over the request. *See, e.g.*, *In re Jammer*, 2021 WL 5774175, at *2. We do not have original habeas corpus jurisdiction in criminal matters. *See* TEX. GOV'T CODE ANN. § 22.221(d); *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceedings); *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991)

(only Texas Court of Criminal Appeals has "jurisdiction in final post-conviction felony proceedings").

Finally, relator's petition fails on the merits. An examining trial puts "the State to its burden of proving that probable cause exists to believe the accused committed the offense charged against him." *State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 425 (Tex. Crim. App. 1990). However, once the grand jury has returned a probable cause determination by an indictment, the purpose for an examining trial is satisfied and the defendant is no longer entitled to one. *See id.*; *see also In re Webb*, No. 01-21-00650-CR, 2021 WL 5828934, at *1 (Tex. App.—Houston [1st Dist.] Dec. 9, 2021, orig. proceeding) (mem. op., not designated for publication). In his mandamus petition, relator concedes that a Harris County Grand Jury issued a true bill of indictment in his underlying criminal case. Further, before relator filed his mandamus petition, he, with an agreed punishment recommendation from the State, pleaded guilty to the felony offense of burglary[2] in his underlying criminal case. And the trial court, in accordance with the plea agreement, assessed appellant's punishment at confinement for one year. Relator has not established his entitlement to mandamus relief. *See, e.g.*, *In re Webb*, 2021 WL 5828934, at *1.

---

[2] *See* TEX. PENAL CODE ANN. § 30.02.

4

We deny relator's petition for writ of mandamus. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Countiss and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).