# NO. 12-22-00220-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | *§* | |
| *BROOKDALE SENIOR* | | |
| *LIVING, INC. AND LTC-K2* | *§* | *ORIGINAL PROCEEDING* |
| *LIMITED PARTNERSHIP,* | | |
| *RELATOR* | *§* | |

## *MEMORANDUM OPINION*

Relators, Brookdale Senior Living, Inc. and LTC-K2 Limited Partnership, filed this original proceeding to compel Respondent to rule on their motion for summary judgment.[1]  We deny the writ.

## BACKGROUND

Real Party in Interest, CHM II, LLC, filed suit against Relators alleging causes of action for negligence, diversion of surface waters, trespass, fraudulent concealment, gross negligence, and injunctive relief.  On February 18, 2020, Relators filed a no-evidence motion for summary judgment arguing that CHM lacked standing and that Relators neither installed nor owned the drainage pipe at issue.  Respondent held a hearing on the motion on June 24, 2020.  At the conclusion of the hearing, Respondent advised the parties that he would read the motion further and provide a ruling at a later date.  After Respondent failed to rule, Relators filed a letter requesting a ruling on the motion for summary judgment on August 27, 2021.  Respondent has neither responded to the letter or ruled on the motion.  This mandamus proceeding followed.

---

[1] Respondent is the Honorable Jack Skeen, Jr., Judge of the 241st Judicial District Court in Smith County, Texas.

Generally, mandamus relief is appropriate only to correct a clear abuse of discretion or to compel the performance of a ministerial duty, and where the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). The relator bears the burden of demonstrating that it is entitled to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

## ANALYSIS

When a motion is properly filed and pending, the trial court's act of considering the motion and ruling on it is ministerial and mandamus may issue to compel the trial court to act. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam). To establish an abuse of discretion by the trial court, the relator must establish that the trial court (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so within a reasonable time. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). Determining whether a reasonable time has elapsed depends upon the circumstances in the case. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding).

Relators have shown that that they filed a motion for summary judgment and that Respondent held a hearing in which he took the matter under advisement. They have further shown that they filed a reminder request with Respondent; however, they have not shown that they demanded performance. *See In re Dong Sheng Huang*, 491 S.W.3d 383, 385 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). Although a trial court has a duty to rule within a reasonable time, Relators must establish that they took action to alert the trial court that it has not yet ruled on their motion. Filing a request for a ruling is insufficient to call the matter to the judge's attention because a judge may be unaware of the request. *Id.* Instead, the party demanding a ruling must set its request either for submission or a hearing. *Id.*; *see also In re UpCurve Energy Partners, LLC*, 632 S.W.3d 254, 256 (Tex. App.—El Paso 2021, orig. proceeding) (mandamus available where trial court failed to rule on motion for thirteen months after hearing where parties repeatedly requested ruling and trial court's administrator confirmed

that the matter had been brought to the trial court's attention).  Because the record does not demonstrate that Relators took the necessary steps to sufficiently call the matter to Respondent's attention, Relators are not entitled to mandamus relief regarding the lack of a ruling on their motion for summary judgment.

## DISPOSITION

We *deny* the petition for writ of mandamus.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 17, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

AUGUST 17, 2022

NO. 12-22-00220-CV

**BROOKDALE SENIOR LIVING, INC.**
**AND LTC-K2 LIMITED PARTNERSHIP,**
Relators
V.

**HON. JACK SKEEN, JR.,**
Respondent

**ORIGINAL PROCEEDING**

ON THIS DAY came to be heard the petition for writ of mandamus filed by Brookdale Senior Living, Inc. and LTC-K2 Limited Partnership; who are the relators in appellate cause number 12-22-00220-CV and the defendants in trial court cause number 14-2715-C, pending on the docket of the 241st Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on August 8, 2022, and the same having been duly considered, because it is the opinion of this Court that **a writ of mandamus should not issue**, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

It is further ORDERED that Relators, **BROOKDALE SENIOR LIVING, INC. AND LTC-K2 LIMITED PARTNERSHIP,** pay all costs incurred by reason of this proceeding.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

4