# NO. 12-24-00110-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MARLEY BARKER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Real Party in Interest Pine Tree Independent School District sued Relator Marley Barker for collection of delinquent property taxes. On March 23, 2024, Relator filed a motion to compel production and on March 30, filed a notice of intent to take the oral deposition of RPI's Tax Assessor-Collector Andrea Anders. RPI filed a motion to quash and a motion for protective order. Respondent scheduled trial for May 6. Relator, acting pro se, filed this original proceeding in which he complains of Respondent's refusal to lift a stay on the deposition.[1] It does not appear that Respondent ruled on any of the discovery motions. Relator seeks a writ instructing Respondent to rule on the motion to quash and enter discovery orders.

When a motion is properly filed and pending, the trial court's act of considering the motion and ruling on it is ministerial and mandamus may issue to compel the trial court to act. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam). To establish an abuse of discretion by the trial court, the relator must establish that the trial court (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so within a reasonable time. *See O'Connor v. First Court of*

---

[1] Respondent is the Honorable Vincent Dulweber, Judge of the County Court at Law No. 2 in Gregg County, Texas.

*Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). Determining whether a reasonable time has elapsed depends upon the circumstances in the case. *See **In re Blakeney***, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding).

Here, Relator has not shown that he demanded performance. *See **In re Dong Sheng Huang***, 491 S.W.3d 383, 385 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). Although a trial court has a duty to rule within a reasonable time, Relator must establish that he took action to alert the trial court that it had not yet ruled on pending motions. Filing a request for a ruling is insufficient to call the matter to the judge's attention because a judge may be unaware of the request. *Id*. Instead, the party demanding a ruling must set its request either for submission or a hearing. *Id*.; *see also **In re UpCurve Energy Partners, LLC***, 632 S.W.3d 254, 256 (Tex. App.—El Paso 2021, orig. proceeding) (mandamus available where trial court failed to rule on motion for thirteen months after hearing where parties repeatedly requested ruling and trial court's administrator confirmed that the matter had been brought to the trial court's attention). Because the record does not demonstrate that Relator took the necessary steps to sufficiently call the matter to Respondent's attention, Relator is not entitled to mandamus relief. *See **In re Brookdale Senior Living, Inc.***, No. 12-22-00220-CV, 2022 WL 3452252, at *1 (Tex. App.—Tyler Aug. 17, 2022, orig. proceeding) (mem. op.).

Therefore, we ***deny*** the petition for writ of mandamus. All pending motions are ***overruled as moot***.[2]

Opinion delivered May 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] We also note that the Gregg County online judicial records further reflect that a non-jury docket call occurred on May 6, followed by a judgment that same day. As of the date of this opinion, Relator has not filed a notice of appeal.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 15, 2024**

**NO. 12-24-00110-CV**

**MARLEY BARKER,**
Relator
V.

**HON. JUDGE VINCENT DULWEBER,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Marley Barker; who is the relator in appellate cause number 12-24-00110-CV and the defendant in trial court cause number 022785-CCL2, pending on the docket of the County Court at Law No. 2 of Gregg County, Texas. Said petition for writ of mandamus having been filed herein on April 25, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*