**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 1, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-24-00714-CV

---

## IN RE CITY OF HOUSTON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2024-22951**

---

## MEMORANDUM OPINION

On September 25, 2024, relator City of Houston filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to (1) compel the Honorable Ursula A. Hall, presiding judge of the 165th District Court of Harris County, to rule on its Rule 91a motion to dismiss and plea to the jurisdiction and (2) to stay all trial court

proceedings until the respondent rules. *See* Tex. R. Civ. P. 91a.1. We deny relator's petition.

## Standard of Review

Generally, to be entitled to mandamus relief, relator must establish that (1) the trial court abused its discretion; and (2) relator has no adequate remedy by appeal. *In re Walsh*, No. 14-23-00455-CV, 2023 WL 4570459, at *2 (Tex. App.—Houston [14th Dist.] July 18, 2023, orig. proceeding); *see In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 681 (Tex. 2022) (orig. proceeding).

The trial courts are required to rule "within a reasonable time" on motions that are properly filed. *In re Walsh*, 2023 WL 4570459 at *2. When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial court to act. *Id.* To establish that the trial court abused its discretion by failing to rule, the relator must show that the trial court: (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *Id.*

"The test for determining what time period is reasonable is not subject to exact formulation, and no 'bright line' separates a reasonable time period from an unreasonable one." *Id.* What is considered a reasonable amount of time is dependent upon the circumstances of each case. *Id.*

## Analysis

In its motion to dismiss and plea to the jurisdiction, relator argued that the Texas Tort Claims Act applies to real party in interest's premises liability lawsuit

2

and that real party in interest failed to meet the act's notice requirement, which is a jurisdictional prerequisite to suit. Relator's motion to dismiss invoked Texas Rule of Civil Procedure 91a. In its petition for writ of mandamus, relator complains that the trial court has not ruled on its motion to dismiss by the deadline required by rule 91a.3, despite a reasonable amount of time in which to do so, and that the court's failure to timely rule is an abuse of discretion justifying mandamus relief.

Rule 91a.3 provides that "[a] motion to dismiss must be. . . granted or denied within 45 days after the motion is filed." *See* Tex. R. Civ. P. 91a.3. A party has the ability to seek mandamus relief based on a trial court's failure to rule on a Rule 91a motion within the 45-day period." *San Jacinto River Auth. v. Lewis*, 572 S.W.3d 838, 841 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 602 (Tex. App.—Corpus Christi 2017, no pet.) ("[T]here is the possibility that mandamus relief is available to ensure that the trial court complies with its duty to timely rule.").

Relator filed its Rule 91a motion to dismiss on May 6, 2024. Under Rule 91a, the trial court's deadline to rule was June 20, 2024. *See* Tex. R. Civ. P. 91a.3(c) ("A motion to dismiss must be. . . granted or denied within 45 days after the motion is filed."). Relator states in its petition it still has not received a ruling, even though more than three months after the deadline for the trial court to rule has passed.

Although a trial court's failure to timely rule on a rule 91a motion to dismiss is redressable by mandamus, a relator seeking such relief must demonstrate it demanded performance of the ministerial act and that the court failed or refused to perform. *In re Walsh*, 2023 WL 4570459 at *2; *In re Dong Sheng Huang*, 491 S.W.3d 383, 385 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). The

mandamus record does not establish that relator set the motion to dismiss for submission, requested an oral hearing, or that a request for oral hearing was denied. *See In re Dong Sheng Huang*, 491 S.W.3d at 385; *see also In re Hughes,* No. 07–04–00006–CV, 2004 WL 89289, at *1 (Tex. App.—Amarillo Jan. 20, 2004, orig. proceeding) (holding record did not demonstrate relator brought motion to trial court's attention by requesting hearing); *In re Harris,* No. 14-07-00231-CV, 2007 WL 1412105, at *1 (Tex. App.—Houston [14th Dist.] May 15, 2007, orig. proceeding) (holding relator not entitled to mandamus relief when record did not show relator alerted trial court of motion by setting for submission or hearing). Nor does the record show that relator brought the trial court's attention to the fact that it has not timely ruled and requested that the court rule. Because relator has not shown that it demanded performance, it is not entitled to mandamus relief on this record.

Accordingly, we deny relator's petition for writ of mandamus without prejudice.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Zimmerer.