# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00262-CV

---

**Anna Heffley, Appellant**

**v.**

**Chris Paul Douglass, Appellee**

---

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-24-004617, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Anna Heffley filed a notice of appeal from the trial court's "Final Judgment signed on March 14, 2025, as well as any other rulings subsumed therein, in TEMPORARY ORDERS IN SUIT MODIFYING PRIOR ORDER." The trial court signed two orders on March 14, 2025: "Order of Enforcement by Contempt and Suspension of Commitment" and "Temporary Orders in Suit Modifying Prior Order." Upon initial review, the Clerk of this Court sent Heffley a letter informing her that this Court appears to lack jurisdiction over the appeal because neither of those two orders appear to be appealable orders.

In general, this Court's jurisdiction is limited to appeals in which there exists a final or appealable judgment or order. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for

interlocutory appeal). No statute provides for interlocutory appeal from either of the trial court's March 14, 2025 orders.

The Clerk informed Heffley that this Court lacks jurisdiction over appeals from contempt judgments. *See Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied) ("A contempt judgment is reviewable only via a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved)."); Tex. R. App. P. 52 (governing original proceedings, including petitions for writ of habeas corpus and writ of mandamus). Decisions in contempt proceedings cannot be reviewed on appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable. *Cadle*, 50 S.W.3d at 671.

The Clerk also informed Heffley that the Court lacks jurisdiction over temporary orders rendered in a pending suit for modification of the parent-child relationship. *See* Tex. Fam. Code § 156.006 (governing temporary orders rendered in suit for modification of parent-child relationship); *In re Coker*, No. 03-17-00862-CV, 2018 WL 700033, at *3 (Tex. App.—Austin Jan. 23, 2018, orig. proceeding) (mem. op.) ("Because a trial court's temporary orders are not appealable, mandamus is an appropriate vehicle for a challenge to such an order. (citing *In re Derzapf*, 219 S.W.3d 327, 334-35 (Tex. 2007) (orig. proceeding) (per curiam))); *see also* Tex. R. App. P. 52 (governing original proceedings, including petitions for writ of mandamus).

The Clerk requested a response on or before May 19, 2025, informing this Court of any basis that exists for jurisdiction. Heffley filed a response that addresses the merits of her argument that the trial court erred by issuing temporary orders, asserting that the trial court lacked jurisdiction over the case because a Colorado court has jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), and therefore, the Travis County trial

2

court's orders are void. We note that "[a] writ of mandamus is an appropriate means to require a trial court to comply with the UCCJEA's jurisdictional requirements" when a trial court has denied a motion related to a jurisdictional challenge. *Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005) (orig. proceeding); *see also In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) ("[T]he right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act."); *In re Dong Sheng Huang*, 491 S.W.3d 383, 385 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) ("Although a trial court has a duty to rule within a reasonable time, the relator must establish that he took action to alert the trial court that it had not yet considered his motion.").

Because the trial court's orders from which Heffley seeks to appeal are not appealable interlocutory orders, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Gisela D. Triana, Justice

Before Justices Triana, Theofanis, and Crump

Dismissed for Want of Jurisdiction

Filed: June 3, 2025