**Denied and Opinion Filed January 24, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-21-01168-CV
No. 05-21-01169-CV

**IN RE JUAN F. TURCIOS, Relator**

**Original Proceeding from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-70886-P and F11-70896-P**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

In 2012, after entering an open plea of guilty, relator Juan F. Turcios was convicted of burglary and aggravated assault with a deadly weapon and sentenced to twenty years' imprisonment for each offense to be served concurrently. Turcios appealed the conviction to this Court, and we affirmed. *See* Cause No. 05-12-00389-CR and Cause No. 05-12-00340-CV. In this original proceeding, Turcios seeks a writ of mandamus directing the trial court to issue a nunc pro tunc judgment reducing his sentence to ten years' imprisonment based on a purported plea agreement. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is purely ministerial if the relator has a clear and indisputable right to the relief sought, i.e., when the facts and circumstances of the case dictate but one rational decision under unequivocal, well-settled, and clearly controlling legal principles. *In re Yeager*, 601 S.W.3d 356, 358 (Tex. Crim. App. 2020) (orig. proceeding) (first citing *Weeks*, 391 S.W.3d at 122, and then citing *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding)).

Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). To obtain a writ of mandamus compelling the trial court to rule on a properly-filed motion, a relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to do so within a reasonable time. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). It is relator's burden to provide the court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); TEX. R. APP. P. 52.3(k), 52.7(a). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the

matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, Turcios contends he filed a "Motion Nunc Pro Tunc" in the trial court on October 8, 2021. Turcios does not, however, include a certified or sworn copy of that motion in the record. Nor does he include any evidence showing that he has asked the trial court to rule on the motion, and the trial court has refused to rule within a reasonable time. As such, to the extent Turcios seeks to have this Court order the trial court to rule on the nunc pro tunc motion, we conclude he is not entitled to such relief because the record is insufficient to establish a violation of a ministerial duty. Absent proof that the trial court has been requested to rule on the motion, relator has not established his entitlement to the extraordinary relief of a writ of mandamus. *See, e.g., In re Dong Sheng Huang*, 491 S.W.3d 383, 385–86 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding); *see also In re Florence*, No. 14-11-00096-CR, 2011 WL 553241, at *1 (Tex. App.—Houston [14th Dist.] Feb. 17, 2011, orig. proceeding) (mem. op., not designated for publication).

Further, we conclude this proceeding is premature. "If the trial court denies the motion for judgment nunc pro tunc or fails to respond, relief may be sought by filing an application for writ of mandamus in a court of appeals." *See Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010). Here, Turcios asserts the trial court has not yet ruled on a motion that has been pending for three months. A

–3–

trial court has a reasonable time within which to consider a motion and to rule. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). The circumstances of the case dictate whether the trial court has ruled within a reasonable time. *Id.* Many factors determine whether a trial court has ruled within a reasonable time. Among these are "the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding). The trial court's inherent power to control its own docket must also be given due consideration. *Id.* at 228. Turcios maintains his motion has been pending for three months, but he has provided no evidence showing that he has requested the trial court to set the motion for hearing or to rule on the motion without hearing. Under this record, Turcios has not established unreasonable delay and has failed to show the trial court has violated a ministerial duty. *See In re Edmon*, No. 05-14-01183-CV, 2014 WL 4658692, at *1 (Tex. App.—Dallas Sept. 18, 2014, orig. proceeding) (mem. op., not designated for publication).

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

211168F.P05